# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW P. COUGHLIN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-15-536-R ) |
| CARL BEAR, Warden,[1] | ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Matthew P. Coughlin, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. *See* Pet. (Doc. No. 1). United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for a report and recommendation in accordance with 28 U.S.C. § 636(b). As outlined herein, the undersigned recommends that the Petition be dismissed.

## Background

Petitioner is incarcerated at Joseph Harp Correctional Center ("JHCC"), an Oklahoma Department of Corrections ("ODOC") facility in Lexington, Oklahoma. Pet. at 1. In May 2015, Petitioner filed this § 2241 Petition seeking, among other things, an

---

[1] Carl Bear, the current Warden of Joseph Harp Correctional Center, is hereby substituted as Respondent in this habeas proceeding. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 25(d), 81(a)(4); *Joseph Harp Correctional Center*, Okla. Dep't of Corr., http://www.ok.gov/doc/Organization/Field_Operations/East_Institutions/Joseph_Harp_Correctional_Center.html (last visited Jan. 6, 2016).

1

order instructing Respondent to release Petitioner from custody.[2]  *See id.* at 8.  Liberally construed, Petitioner's arguments challenge the conditions of his confinement, the Oklahoma courts' application of state law and state procedural rules in Petitioner's state habeas proceedings, and Respondent's continued authority to detain Petitioner after Petitioner was transferred to a privately operated prison in June 2008.  Petitioner organizes his claim that he is "being held in violation of the Constitution, laws, or treaties of the United States" into four grounds, which are discussed below.  *Id.* at 6-7.[3]

Screening Requirement

The Court is required to review habeas petitions promptly and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[4]  R. 4, R. Governing § 2254

---

[2] Petitioner also seeks an "injunctive order compelling state courts to comply with, and enforce, Dist. Court Rule 4.E, 12 O.S. § 2012, 12 O.S. § 133 x 1334 [sic]; *Lynce v. Mathis*, 117 S. Ct. 891; *U.S. v. Ivy*, 83 F.3d 1297 n.47; and as set out in the attached: certify this [matter] as a class action and appoint counsel for the class; declaratory judgment on claims raised, and on the attached habeas corpus release from Respondent's custody."  Pet. at 8 (emphasis omitted and punctuation altered).

[3] As noted above, Petitioner is now confined at JHCC rather than such a privately operated prison.  Several other prisoners confined at JHCC have filed nearly identical § 2241 petitions with this Court in the past year.  *See, e.g.*, Pet. (Doc. No. 1) at 1-8, *Cotner v. Bear*, No. CIV-15-1183-M (W.D. Okla. filed Oct. 20, 2015); Pet. (Doc. No. 1) at 1-8, *Williams v. Addison*, No. CIV-15-593-M (W.D. Okla. filed May 29, 2015); Pet. (Doc. No. 1) at 1-8, *McElhany v. Bear*, No. CIV-15-923-HE (W.D. Okla. filed Aug. 27, 2015); Pet. (Doc. No. 1) at 1-8, *Kennedy v. Addison*, No. CIV-15-582-F (W.D. Okla. filed May 28, 2015); Pet. (Doc. No. 1) at 1-8, *Simpson v. Addison*, No. CIV-15-537-D (W.D. Okla. filed May 18, 2015).

[4] "The district court may apply any or all" of the Rules governing § 2254 cases to a habeas petition brought under § 2241.  R. 1(b), R. Governing § 2254 Cases in U.S. Dist.

Cases in U.S. Dist. Cts.; *accord* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

## Discussion

*A.    Standard*

A federal habeas petition "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement" on the ground that the prisoner is in custody in violation of the Constitution or laws of the United States. *Montez v. McKenna*, 208 F.3d 862, 865 (10th Cir. 2000) (internal quotation marks omitted); *see also* 28 U.S.C. §§ 2241(c)(3), 2254(a). Thus, the court must summarily dismiss "a habeas [claim] that fails to allege facts" indicating that the prisoner's confinement itself violates federal law. *Boutwell*, 399 F.3d at 1211 (citing *Davis v. Franzen*, 671 F.2d 1056, 1057 (7th Cir. 1982)); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1036, 1039 (10th Cir. 2012) (explaining that § 2241 does not confer jurisdiction over claims alleging unconstitutional conditions of confinement). Summary dismissal is also appropriate where the facts alleged are "vague" or "conclusory," or are "palpably incredible" or "patently frivolous or false" when compared to the record before

---

Cts.; *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) ("The District Court . . . acted within its discretion by applying the Section 2254 Rules to this § 2241 petition.").

the district court.[5] *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (internal quotation marks omitted); *see also Wilcox v. Aleman*, 3 F. App'x 920, 922 (10th Cir. 2001).

Summary dismissal is not appropriate, however, where the prisoner alleges specific facts that, if true, would entitle him to relief under the applicable federal habeas statute. *Blackledge*, 431 U.S. at 75; *Wilcox*, 3 F. App'x at 921-23; *cf. Machibroda v. United States*, 368 U.S. 487, 495-96 (1962) (holding that the district court could not summarily dismiss a § 2255 motion where the prisoner alleged facts that, "while improbable," would if true entitle him to relief under 28 U.S.C. § 2255). A pro se petitioner's pleading also must be "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," so that any potentially valid claim can be fairly decided on its merits. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se petitioner must allege specific facts supporting his or her particular grounds for federal habeas relief. Conclusory allegations and bare legal conclusions are not enough to avoid summary dismissal on the merits. *See, e.g.*, *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012); *Bakalov v. Utah*, 4 F. App'x 654, 657 (10th Cir. 2001); *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971); *Atkins v. Kansas*, 386

---

[5] Section 2243 limits the court's initial consideration to "the application" for a writ of habeas corpus. 28 U.S.C. § 2243. Under the governing rules, however, "[s]uch consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. advisory committee's note (1976).

F.2d 819, 820 (10th Cir. 1967); *accord Mayle*, 545 U.S. at 655-56; *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

B.  *Petitioner's Pleading*

The well-pled facts summarized below, accepted as true, do not state any claim for federal habeas relief. As an initial matter, the "petition contains so many unintelligible and conclusory allegations" that it is nearly "impossible to ascertain the exact errors of fact or law raised for the court's disposition." *Bakalov*, 4 F. App'x at 657. It is also difficult to discern from Petitioner's scattershot allegations whether Petitioner "seeks habeas relief under § 2254 or § 2241, or if [the pleading] is actually intended to initiate a civil rights action . . . against various state officials." *Id.*; *see, e.g.*, Pet. at 2 (challenging both "[h]ow [Petitioner's] sentence is being carried out" and "the validity of [his] conviction or sentence as imposed"), 7 (describing the conditions of Petitioner's confinement), 8 (seeking equitable relief besides release from custody).

1.  <u>Alleged State Law Violations in Grounds One, Two, and Four</u>

In his Ground 1, and to a large extent in Grounds 2 and 4, Petitioner premises his claims on alleged violations of state law:

- In Ground One, Petitioner asserts that the Oklahoma courts "suspend[ed] habeas corpus and due process . . . as discrimination against Petitioner[] because of his disabilities." Pet. at 1-2, 6 (emphasis omitted). Petitioner explains that he filed a petition for a writ of habeas corpus in the District Court of Cleveland County, Oklahoma, on December 23, 2014, but that court "refused to comply with 12 O.S. §[§] 1331-1334." *Id.* at 6. Petitioner also asserts that he filed a "petition for mandamus" in the Oklahoma Supreme Court, but that court "refused to take jurisdiction under" several provisions of the state constitution. *See id.* Petitioner concludes: "Habeas is suppos[ed] to be a speedy remedy to immediately bring an applicant

5

before the court. No claims have been denied, only habeas suspended." *Id.* (emphasis omitted).

- In Ground Two, Petitioner asserts that his "[d]etention violates the constitution and laws of the United States" *because* the state courts' "suspension of due process and of habeas corpus, and . . . refusal to comply with their own court rules, and statutes, and constitution, should by itself require habeas relief." *Id.* at 6-7 (emphasis omitted).

- In Ground Four, Petitioner asserts without explanation that the "state courts refuse to comply with or enforce their own Dist[rict] Court rules, state statutes, Constitution, in post-conviction actions and habeas applications, and parole board composition voids opportunity and 57 O.S. § 332.7(A) from 1997 to 2013 was not complied with." *Id.* at 7. (emphasis omitted). Petitioner insists that "there must be a means to compel[] state courts and agencies to comply with [their] own rules, statutes, and constitution, as-well-as U.S. Supreme Court opinions" because "the schem[e] . . . Petitioner was sentenced under included [those] rights." *Id.* (emphasis omitted).

Petitioner's common, essential contention in these three Grounds—that the Oklahoma courts "refused to comply with or enforce their own" constitution, statutes, and procedural rules when considering Petitioner's applications for writs of habeas corpus (*see* Pet. at 6, 7)—does not state a claim for federal habeas relief. "[F]ederal habeas corpus relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (internal quotation marks omitted). Accordingly, the undersigned recommends that Ground 1, and Grounds 2 and 4 to the extent they raise purely state-law claims, be dismissed without prejudice because they are not cognizable under 28 U.S.C. § 2241(c)(3). *See Frazier v. Colorado*, 405 F. App'x 276, 278 (10th Cir. 2010); *Rael v. Williams*, 223 F.3d 1153, 1154-55 (10th Cir. 2000).

2. <u>Alleged Commutation of Sentence Due to Placement in Private Prison</u>

In support of his assertions in Grounds 2 and 4, Petitioner attached to the Petition documents he had filed in the state courts that, liberally construed, assert that Petitioner is being held in custody in violation of the Constitution because his June 20, 2008 "administrative transfer" to a private prison effectively "commuted" his sentence to time served. *See*, *e.g.*, Pet. Ex. 1 at 1-4 (citing federal case law); *see also supra* note 5; Fed. R. Civ. P. 10(c). This argument presents a cognizable—although ultimately meritless—claim under 28 U.S.C. § 2241.

Petitioner attached to his Petition in this Court a copy of a handwritten petition for writ of habeas corpus that was filed in Cleveland County District Court on December 23, 2014. *See* Pet. Ex. 1 (Doc. No. 1-1); *Coughlin v. Addison*, No. WH-2014-14 (Cleveland Cnty. Dist. Ct. filed Dec. 23, 2014). Petitioner also attached to his Petition in this Court a file-stamped copy of an "Order Dismissing Petition Seeking Writ of Habeas Corpus" from the Oklahoma Court of Criminal Appeals ("OCCA") in *Coughlin v. Addison*, No. HC-2015-366 (Okla. Crim. App. May 5, 2015), *see* Pet. Ex. 2 (Doc. No. 1-2).[6]

In the Cleveland County filing, Petitioner asserted that, pursuant to Oklahoma law, when ODOC placed him in a private prison, the placement necessarily "commuted" his sentence to time served:

> The administrative transfer of petitioner out of court-ordered custody of an Okla. Dept. of Corr. warden was a commutation of sentence on June 20, 2008. Okla. Constitutional Art. 2 [§] 29 forbids such a transfer: "No person

---

[6] The undersigned takes judicial notice of the dockets and filings for Petitioner's state-court habeas efforts, which are publicly available through http://www.oscn.net.

> shall be transferred out of state custody for any [r]eason for any purpose, without his consent, except by due process of law." (A Court Order).
>
> . . . .
>
> D.O.C. can contract for [h]ousing, but must have that housing operated under the direct control of a state prison warden. The state legislature determined private prison custodians are not a part of the state prison system.

Pet. Ex. 1 at 1, 3 (emphasis and citations omitted; punctuation and capitalization altered).

The OCCA's Order and publicly available docket reflect that the Cleveland County District Court denied Petitioner's habeas petition on April 7, 2015, and that Petitioner then sought a writ of habeas corpus from the OCCA. Pet. Ex. 2 at 1; *Coughlin v. Addison*, No. WH-2014-14 (district court order of Apr. 7, 2015); *Coughlin v. Addison*, No. HC-2015-366 (Okla. Crim. App. Order of Apr. 20, 2015). The OCCA declined to accept jurisdiction in Case No. HC-2015-366 because Petitioner failed to file "records adequate to meet his burden to show that he has been improperly denied relief in the appropriate district court, that his confinement is unlawful, and that he is now entitled to an order from [the OCCA] for issuance of a writ of habeas corpus." Pet. Ex. 2 at 2.

Petitioner's commutation argument can properly be raised under § 2241 insofar as he attacks, as violative of federal law, the fact of Petitioner's continued confinement after he was transferred to a privately operated prison on June 20, 2008. *See Lyons v. Zavaras*, 308 F. App'x 252, 255 (10th Cir. 2009); *Montez*, 208 F.3d at 865; *cf. Rael*, 223 F.3d at 1154. Nevertheless, the claim fails for at least two reasons.

First, the fact that Petitioner was transferred to a private prison for some period of time "does not deprive [him] of any liberty interest protected by the Due Process Clause

in and of itself." *Cf. Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) (holding that interstate prison transfers do not deprive an inmate of any liberty interest protected by the Due Process Clause). "[T]here is no federal constitutional right to incarceration in any particular prison or portion of a prison." *Montez*, 208 F.3d at 866. And Petitioner's transfer did not "commute" the state sentence to time served as a matter of *federal* law. *Cf. Bridges v. United States*, 17 F. App'x 818, 820-21 (10th Cir. 2001) ("The federal government did not constructively pardon Mr. Bridges or commute his federal sentence when he was returned to state prison. Nor did Kansas relinquish any rights when it turned Mr. Bridges over to the federal government." (citation omitted)); *Frazier v. Figueroa*, No. CIV-08-496-HE, 2009 WL 36913, at *1, *3 (W.D. Okla. Jan. 5, 2009) (rejecting § 2241 claim based on assertion that Colorado "commuted" the petitioner's sentence by incarcerating him in a private prison in Oklahoma).

Second, the state constitutional provision upon which Petitioner's argument relies does not create a federally protected liberty interest that prevents placement in a private prison. *See* Pet. Ex. 1 at 1 (citing Okla. Const. art. 2, § 29). That provision states:

> No person shall be transported *out of the State* for any offense committed within the State, nor shall any person be transported *out of the State* for any purpose, without his consent, except by due process of law; but nothing in this provision shall prevent the operation of extradition laws, or the transporting of persons *sentenced for crime*, to other states for the purpose of incarceration.

Okla. Const. art. 2, § 29 (emphasis added). Nor does Petitioner identify any state law limiting ODOC officials' discretion or authority to transfer convicted prisoners between state and private facilities within Oklahoma, let alone "mandating" that a prisoner's

9

sentence be commuted to time served if he or she is transferred to a private facility.[7] *See Elwell v. Byers*, 699 F.3d 1208, 1214 (10th Cir. 2012) ("For state law to create a liberty interest, it must establish substantive predicates to govern official decisionmaking and mandate an outcome when relevant criteria have been met."); *cf. Dopp v. Patton*, No. CIV-14-453-D, 2014 WL 3700852, at *2-3 (W.D. Okla. July 25, 2014) ("In Oklahoma, like most states, commutation of a prison sentence . . . is necessarily a speculative event. The decision to commute a sentence lies solely within the discretion of the Governor, and a prisoner has no claim of entitlement or expectation that it will occur." (citing Okla. Const. art. VI, § 10; Okla. Stat. tit. 57, § 332)).

Because the facts alleged by Petitioner, even if assumed to be true, do not show that his continued custody violates the Constitution or other federal law, he has not stated a claim for which relief can be granted under § 2241. Accordingly, the undersigned recommends that Grounds 2 and 4, to the extent they are based on an alleged commutation of Petitioner's sentence, be dismissed with prejudice.[8]

---

[7] On the contrary, "Oklahoma law specifically provide[s] for such transfers." *Frazier*, 2009 WL 36913, at *3 (citing Okla. Stat. tit. 57, § 563.2); *see also* Okla. Stat. tit. 57, § 561(A) ("The Department of Corrections is hereby authorized to provide for incarceration . . . at facilities other than those operated by [ODOC].").

[8] The Court also could dismiss Petitioner's commutation claim without prejudice for failure to exhaust state remedies because Petitioner did not present this claim, to the extent that it alleges a violation of federal law, in his state habeas petition. Pet. Ex. 2 at 1-3; *see Williams v. Kastner*, No. CIV-13-1280-C, 2014 WL 1875104, at *1 (W.D. Okla. May 9, 2014) (citing *Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010); *Walker v. Stanley*, 216 F. App'x 803 (10th Cir. 2007)). In *Rael*, however, the Tenth Circuit stated that such a § 2241 claim "should be dismissed *with* prejudice," and without requiring exhaustion, because it "simply does not raise a federal constitutional claim." 223 F.3d at 1154 (emphasis added) (citing 28 U.S.C. § 2254(b)(2)).

3. Ground Three

In Ground Three, Petitioner asserts that "Respondent [is] discriminating against Petitioner because of his disabilities, thereby violating" the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Pet. at 7 (emphasis omitted). Petitioner's limited explanation of this claim is that Respondent and all Oklahoma courts

> are discriminating against Petitioner because of his recognized disabilities of being unable to access a fully stocked up to date law library, to utilize a computer, to have trained assistance of a law clerk because this Petitioner is a male and not a female, is poor and cannot afford to hire [counsel], change in law took away rights to seek commutation, change in parole board composition took away right to parole considerations, and other disabilities.

*Id.* (emphasis omitted and capitalization altered). Petitioner alleges that the Oklahoma Supreme Court also "declined jurisdiction" over this claim. *Id.* (emphasis omitted).

If Petitioner "seeks to attack both the conditions of his confinement and the fact or length of that confinement," then he must bring the former claims in a separate civil-rights action, *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973), because they are not cognizable under § 2241. *Palma-Salazar*, 677 F.3d at 1036, 1039. "[W]hen a prisoner seeks to challenge the conditions of his confinement via § 2241, we lack jurisdiction to consider his claim." *Buhl v. Berkebile*, 612 F. App'x 539, 540 (10th Cir. 2015) (citing *Palma-Salazar*, 677 F.3d at 1038). And even if construed as a federal civil rights claim, the Petition's conclusory allegations fail to state a claim upon which relief may be granted. *See* Pet. at 7; 28 U.S.C. § 1915A(b)(1). Accordingly, the undersigned recommends that Ground Three be dismissed without prejudice.

11

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be DISMISSED in its entirety. Consistently with Tenth Circuit authority, the undersigned recommends that Grounds 2 and 4 be dismissed with prejudice to the extent they are based on an alleged commutation of Petitioner's sentence, and that the remainder of Petitioner's claims be dismissed without prejudice. Upon dismissal of the Petition, the pending motion to intervene (Doc. No. 6) should be denied.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by January 27, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 6th day of January, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE